FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
NOV 28 2017
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

BILL LIETZKE,

Plaintiff,

vs.

CITY OF MONTGOMERY, *et al.*,

Defendants.

Case No. 2:17-cv-02873–JCM–VCF

**ORDER AND REPORT & RECOMMENDATION**

Before the Court is Plaintiff Bill Lietzke's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Plaintiff should be deemed a vexatious litigant and this case should be dismissed.

**LEGAL STANDARD**

A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). Because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id.* Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id.* (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id.* "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id.* at 1059 (quoting *De Long*, 912 F.2d at 1147). To determine whether the litigant's

conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* (quotation omitted).

Finally, a pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* (quotation omitted). A pre-filing order is overbroad if it prevents the litigant from filing any suit in the court, or applies to a suit against anyone when the record showed the plaintiff was litigious with respect to only one group of defendants. *Id.* at 1061. Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id.* at 1056.

**DISCUSSION**

Lietzke commenced this action against the City of Montgomery, Alabama and Kevin Murphy on November 15, 2017. (ECF No. 1). He alleges Montgomery police officers violated his constitutional rights by detaining him and forcing him to stop walking on the I-85. (ECF No. 1-1). Lietzke lives in Montgomery. (*Id.*). Though there is no indication in the complaint of who Kevin Murphy is, it appears the defendants also reside in Alabama. (ECF No. 1-3).

This is not the first case Lietzke has filed against Alabama defendants in the District Court of Nevada. He has also filed the following cases:

1. 2:13-cv-01023-JCM-GWF
2. 3:14-cv-00177-RCJ-WGC
3. 3:14-cv-00371-MMD-VPC
4. 2:16-cv-02818-RFB-NJK
5. 3:16-cv-00735-MMD-WGC
6. 3:17-cv-00040-MMD-WGC
7. 3:17-cv-00074-RCJ-VPC
8. 3:17-cv-00075-MMD-VPC.

These cases were all either transferred to the Middle District of Alabama (2:16-cv-02818-RFB-NJK, ECF No. 3) or dismissed because "it appears that the court lacks personal jurisdiction over the defendants and venue is improper here." (3:17-cv-00040-MMD-WGC, ECF No. 3 at 2). Lietzke has also filed numerous cases in other jurisdictions, such as Montana (*Lietzke v. City of Montgomery, et al.*, Docket No. 9:17-cv-00160 (D. Mont. Nov 17, 2017)) and Michigan (*Lietzke v. Montgomery, City of et al.*, Docket No. 2:17-cv-13732 (E.D. Mich. Nov 16, 2017)), though a complete list of his cases would be impractical. As one additional example, a prior case Lietzke filed in the District of New Mexico (*Lietzke v. City of Montgomery et al.*, Docket No. 1:16-cv-01296 (D.N.M. Nov 28, 2016)) against these exact defendants was also transferred to the Middle District of Alabama.

"No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). Lietzke has abused the judicial process by filing numerous frivolous lawsuits that he knows will be dismissed or transferred to Alabama. He acts as though the Federal Rules of Civil Procedure do not apply to him and has ignored the courts' orders clearly informing him of the rules regarding personal jurisdiction and venue. This is vexatious as a matter of law.

Though the Court is raising this issue sua sponte, Lietzke will have notice and a chance to be heard through the objection process. Lietzke has previously demonstrated that he understands the objection process in this Court and has used it to respond to reports and recommendations before the Court entered its final orders. (*See* 3:14-cv-00371-MMD-VPC, ECF No. 6; 3:17-cv-00040-MMD-WGC, ECF No. 7; 3:17-cv-00075-MMD-VPC, ECF No. 5).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Bill Lietzke show cause in a timely-filed objection (see NOTICE below) as to why he should not be deemed a vexatious litigant as outlined in this Order and Report and Recommendation.

IT IS RECOMMENDED that Bill Lietzke be deemed a VEXATIOUS LITIGANT.

IT is RECOMMENDED that this case be DISMISSED.

IT IS FURTHER RECOMMENDED that Bill Lietzke be required to seek LEAVE of Court before filing any additional actions in the District of Nevada.

IT IS SO ORDERED AND RECOMMENDED.

**NOTICE**

Pursuant to Local Rule IB 3-1, any objection to this Order and Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

DATED this 28th day of November, 2017.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE